BROWN *v.* WILLCOX *et al.*

GILBERT, J.  1. A carbon copy of a proposed plea prepared by the attorney for the defendant, which had not been filed or signed by the defendant or exhibited to him, was not admissible in evidence at the instance of the other party, although counsel for the defendant had stated to opposing counsel that such a plea would be filed.

2. The court erred in refusing to charge the jury the following, on written request duly presented: "If you find from the evidence that the instrument purporting to be a deed from Mrs. Jane Brown to R. P. Brown was produced to the purported witnesses, J. D. Maynard and W. J. Hancock, by Mrs. Brown herself, and that she stated to the witnesses in substance that she wanted them to witness the deed and that was her signature or that she had already signed it, or words substantially to that effect, then I charge you that it is not material whether Mrs. Brown did in fact herself make the actual signature of the purported maker of the deed or not; if she acknowledged it as her signature or as her deed and asked them to witness it as such, then I charge you that would be in law her deed, and you should so find." Under the pleadings and the evidence the requested instruction was pertinent.

3. The other requests for instruction to the jury, in so far as they were pertinent and legal, were substantially covered in the general charge. None of the remaining assignments of error show cause for reversal, nor are they of such character as to require special mention.

*Judgment reversed. All the Justices concur.*

No. 1602: APRIL 13, 1920.

Equitable petition.  Before Judge Graham.  Telfair superior court.  July 12, 1919.

*M. B. Cannon, W. B. Smith,* and *Eldridge Cutts,* for plaintiff in error.  *Hal Lawson* and *Eschol Graham,* contra.